UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LASHAWN JONES, | |
| Plaintiff, | Civil Action No. 18-17296 (ES) (MAH) |
| v. | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | OPINION |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court by way of two motions for the appointment of pro bono counsel filed by Plaintiff pro se Lashawn Jones.  Pl.'s Mot. for Appointment of Pro Bono Counsel, May 9, 2022, D.E. 47; Pl.'s Mot. for Appointment of Pro Bono Counsel, May 10, 2022, D.E. 50.  The Court has reviewed Plaintiff's submissions in support of the motions, and has not received an opposition from Defendants.  Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court has considered Plaintiff's motions without oral argument.  For the reasons stated below, the Court denies Plaintiff's motions.

## II.  BACKGROUND

Plaintiff initiated this 42 U.S.C. § 1983 action by filing a Complaint against Defendants on December 14, 2018.  Compl., Dec. 14, 2018, D.E. 1.  Plaintiff contends that, while incarcerated at two New Jersey prisons, he was subject to violations of his civil rights.  Second Am. Compl., May 10, 2022, D.E. 49, at ¶¶ 9-10.  The Second Amended Complaint alleges that Plaintiff was subject to excessive force and assaulted by Defendant SCO Chaves and several other corrections officers while incarcerated at East Jersey State Prison on October 4, 2018.  *Id.*

at ¶ 9. Plaintiff further alleges that after he was transferred to Northern State Prison, he was kept in unconstitutional conditions of confinement, his mail was withheld, and he was denied prompt medical attention. *Id.* at ¶ 10.

Plaintiff completed an application to proceed in forma pauperis on February 1, 2019.[1] Appl. to Proceed In Forma Pauperis, Feb. 1, 2019, D.E. 3. Shortly thereafter, on March 25, 2019, Plaintiff submitted his first motion for the appointment of pro bono counsel. Pl.'s Mot. to Appoint Pro Bono Counsel, Mar. 25, 2019, D.E. 6. Plaintiff filed an application for a temporary restraining order against Defendants seven days later. Pl.'s Letter-Request for Temporary Restraining Order, Apr. 1, 2019, D.E. 7. The Honorable Esther Salas, United States District Judge denied Plaintiff's request for a temporary restraining order on June 18, 2019. Memorandum & Order, June 18, 2019, D.E. 8. Plaintiff's first motion for the appointment of pro bono counsel, too, was denied for failure to comply with the requirements of 28 U.S.C. § 1915(e) and to address the relevant law. Order, July 2, 2019, D.E. 11.

Plaintiff renewed his motion for the appointment of pro bono counsel on May 13, 2021, March 21, 2022, and April 5, 2022. Mot. for to Appoint Pro Bono Counsel, May 13, 2021, D.E. 26; Pl.'s Mot. to Appoint Pro Bono Counsel, Mar. 21, 2022, D.E. 38; Pl.'s Mot. to Appoint Pro Bono Counsel, Apr. 5, 2022, D.E. 40. Each of these motions were denied without prejudice due to Plaintiff's failure to address the factors set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). Order, Oct. 4, 2021, D.E. 29; Order, Mar. 28, 2022, D.E. 39; Order, Apr. 19, 2022, D.E. 44. Plaintiff filed the instant motions on May 9, 2022 and May 10, 2022, respectively. Pl.'s

---

[1] It does not appear that Plaintiff's application to proceed in forma pauperis was granted. The Court will nevertheless consider the merits of Plaintiff's motions to appoint pro bono counsel.

Mot. to Appoint Pro Bono Counsel, D.E. 47; Pl.'s Mot. to Appoint Pro Bono Counsel, D.E. 50. The Court has not received any opposition to the aforementioned motions.

### III. DISCUSSION

The appointment of counsel in a federal civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The Court nevertheless has the discretion to appoint attorneys to represent litigants who are "unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Tabron*, 6 F.3d at 157-58. The decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). The Court employs a two-part analysis in determining whether the appointment of counsel is appropriate in this case. *Tabron*, 6 F.3d at 155-57. The Court must first determine whether the claimant's case has "some merit in fact and law." *Id.* at 155. If a party overcomes this "threshold hurdle," courts then consider the following non-exhaustive factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5).

The Court assumes that Plaintiff's claims have merit in fact and law, and turns to the first *Tabron* factor. When analyzing a plaintiff's ability to present their case, courts generally

consider the plaintiff's "education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Courts also consider the restraints placed upon a litigant where, as here, they are incarcerated, *id.*, and the plaintiff's "access to necessary resources like a typewriter, photocopier, telephone, and computer," *Parham*, 126 F.3d at 459. Plaintiff is an inmate at Northern State Prison, and as such is unable to leave the facility. Pl.'s Mot. for Pro Bono Counsel, D.E. 50, at p. 4. Plaintiff also states that he is unable to "go to the law library as [he] please[s] due to covid 19." *Id.* Neither Plaintiff's IFP application nor the instant motions address Plaintiff's prior work experience or education. *See id.*; *see also* Appl. to Proceed In Forma Pauperis, D.E. 3. The Court recognizes that Plaintiff's incarceration inhibits his capability to visit Northern State Prison's legal resources on demand. The Court nevertheless finds Plaintiff's submissions in this matter evidence his ability to present his case. For example, Plaintiff has submitted two Amended Complaints in this matter; the most recent of which was filed on May 10, 2022. First Am. Compl., June 18, 2019, D.E. 10; Second Am. Compl., D.E. 49. The Second Amended Complaint is partially typed and cogently explains the facts underlying Plaintiff's claims, as well as the basis for his requested relief. *See* First Am. Compl., June 18, 2019, D.E. 8; *see also* Second Am. Compl., D.E. 49, at pp. 7-10. The Second Amended Complaint also states that Plaintiff has "exhaust[ed his] legal remedies," and written to a number of officials to address his grievances. Second Am. Compl., D.E. 49, at p. 7. It therefore appears to the Court that Plaintiff has sufficient resources and ability to pursue his case. Accordingly, the first *Tabron* factor does not favor the appointment of counsel.

The Court next considers the second *Tabron* factor, the complexity of the particular legal issues involved. 6 F.3d at 156. Complexity supports the appointment of counsel "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal

issue presented by those trained in legal analysis." *Id.*; *accord Montgomery*, 294 F.3d at 502. The Court considers "the proof going towards the ultimate issue and the discovery issues involved" in analyzing this factor. *Parham*, 126 F.3d at 459. The Third Circuit Court of Appeals has previously held that a § 1983 civil rights case alleging deliberate indifference to a prisoner's serious medical needs may raise sufficiently complex legal issues weighing in favor of the appointment of counsel. *See id.* "This is because even where 'the ultimate [legal] issue appears relatively simple . . . [s]implicity in the allegation supporting the claim does not translate into simplicity in the presentation of the claim." *Montgomery*, 294 F.3d at 502 (alterations in original) (quoting *Parham*, 126 F.3d at 459). Plaintiff has not provided any explanation or support speaking to the complexity of the legal issues in this matter, nor given the Court any indication that his claims present a question of unsettled law. Accordingly, this factor weighs against granting the instant motions, as well.

With regard to the third *Tabron* factor, the Court must consider the degree to which factual investigation will be necessary, and Plaintiff's ability to pursue such. *See Montgomery*, 294 F.3d at 503. The Third Circuit has stated that "courts should consider a prisoner's inability to gather facts relevant to the proof of his claim" in analyzing this factor. *Id.* at 503. Moreover, "the court may . . . consider the extent to which prisoners and others suffering confinement may face problems pursuing their claim [such as] where the claims are likely to require extensive discovery and compliance with complex discovery rules." *Tabron*, 6 F.3d at 156. "Courts should further consider that 'it may be difficult for indigent plaintiffs to understand the complex discovery rules' in investigating their claims." *Montgomery*, 294 F.3d at 503 (quoting *Parham*, 126 F.3d at 460). Here, the Court finds some factual investigation as to Plaintiff's excessive force and unconstitutional condition claims will be necessary. Plaintiff argues that he "cannot

5

take statements or get discovery[,] need[s] videos, [r]eports, Etcs," and therefore needs a lawyer. Pl.'s Mot. for Pro Bono Counsel, D.E. 47, at p. 3; *see also id.* at p. 8. Plaintiff also contends that he needs a lawyer because he has received written discovery from defendants, but "do[es] not know how to go about answering the questions correctly," or providing requested information. Mot. for Pro Bono Counsel, D.E. 50, at p. 11. Plaintiff has stated, however, that he has requested medical records and copies of reports. *Id.* at p. 4. Plaintiff also submitted a copy of a "demand for discovery" requesting various materials, including "[a]ny and all notes (handwritten or typed) by police officers in this case, whether or not the comments thereupon were transferred to an official investigative or arrest report;" statements; and physical evidence. Pl.'s Mot. for Pro Bono Counsel, D.E. 47, at pp. 14-15. Finally, Plaintiff filed a "motion to compel" on May 20, 2022 that appears to request that Defendants produce various items for copying and inspection "[p]ursuant to R[ule] 34 of [the] Federal Rule[s] of Civil Procedure." Pl.'s Mot. to Compel, May 20, 2022, D.E. 51, at pp. 6-7. The Court therefore concludes that Plaintiff has the ability to conduct a factual investigation and to understand discovery rules without the assistance of counsel. Accordingly, the third *Tabron* factor weighs against granting Plaintiff's motions.

The Court examines the amount a case is likely to turn on credibility determinations in assessing factor four. *Parham*, 126 F.3d at 460. "[P]ro bono counsel may be warranted when witness credibility is a key issue and when the factfinder must decide between conflicting testimony." *Davis v. Burke*, Civ. No. 19-10620, 2022 WL 970220, at *3 (D.N.J. Mar. 30, 2022) (citing *Tabron*, 6 F.3d at 156). The Third Circuit has cautioned, however, that "[w]hile the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not. Thus, when considering this factor, courts should determine whether the case was solely a swearing contest" between witnesses. *Parham*, 126 F.3d at 460; *accord Montgomery*, 294 F.3d at 505.

The Court can only surmise as to whether credibility determinations will dictate the outcome of this case.  Plaintiff has not addressed this factor, stated whether he has received any records, or suggested that any files are being withheld.  Thus, the Court holds that this factor is neutral.

The Court asks whether the case will require the testimony of expert witnesses in considering factor five.  *Parham*, 126 F.3d at 460.  Plaintiff's motions fail to specify what expert testimony Plaintiff requires in making his case against Defendants.  The Court therefore holds that this factor does not favor the appointment of counsel.

The Court lastly addresses whether Plaintiff can attain and afford counsel on his own.  There is nothing indicating Plaintiff's financial circumstances have changed since his initial application to proceed in forma pauperis.  *See* Application to Proceed In Forma Pauperis, D.E. 3.  Indeed, Plaintiff asserts that he does not have the funds to retain an attorney, as he "only get[s] $15.00 [m]onthly from the facility" and remains incarcerated.  Pl.'s Mot. for Pro Bono Counsel, D.E. 50, at p. 4; *see also* Pl.'s Mot. for Pro Bono Counsel, D.E. 47, at p. 4.  This factor consequently weighs in Plaintiff's favor.  However, this factor alone is not enough to justify the appointment of counsel.  *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002).

The Court recognizes that issues may arise throughout the course of this litigation that may raise a question as to Plaintiff's need for counsel.  The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. At this time, however, the Court finds the *Tabron* factors weigh against the appointment of counsel.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motions for the appointment of pro bono counsel, D.E.s 47 and 50, are **denied without prejudice.**

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer,**
**United States Magistrate Judge**

Dated:  June 13, 2022