UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LASHAWN JONES** : | |
| : | |
| Plaintiff, : | Civil Action No. 18-17296 (ES) (MAH) |
| : | |
| v. : | |
| : | |
| **NEW JERSEY DEPARTMENT** : | **OPINION** |
| **OF CORRECTIONS, et al.,** : | |
| : | |
| Defendants. : | |

I.     **INTRODUCTION**

Presently before the Court are the motions by Plaintiff pro se Lashawn Jones for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). Mots. to Appoint Pro Bono Counsel, Apr. 10, 2023, D.E. 99; June 9, 2023, D.E. 116.[1] The Court has received no opposition to the motions. The Undersigned has considered this matter without oral argument. Fed. R. Civ. P. 78; Local Civ. R. 78.1. For the reasons set forth below, Plaintiff's motions are denied.

II.     **BACKGROUND**[2]

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2018. Compl., Dec. 14, 2018, D.E. 1. The allegations below are gleaned from Plaintiff's Second

---

[1] This matter was referred to mediation and administratively terminated on March 30, 2023. Order, D.E. 95. The Court therefore terminated Plaintiff's April 10, 2023 motion for pro bono counsel, D.E. 99. Order, April 19, 2023. Plaintiff nevertheless renewed his application on June 9, 2023. The Court will address both motions so as to rule on the motions in their entirety.

[2] The procedural history of this matter is extensive. Because the Court writes predominantly for the parties, the background will be abbreviated, elaborating only where necessary for resolution of the instant motion.

Amended Complaint, which Plaintiff filed on May 10, 2023.[3] Second Am. Compl., D.E. 49. The Second Amended Complaint contends that Defendants Senior Correctional Officer ("SCO") Chaves, Hearing Officer DiBenedetto, Nurse Manager Cathy, SCO Samantha Doffont, S. Grant, Major Jones, Commissioner Victoria Khun, Dr. Mayo, Administrator Patricia McGill, Administrator Patrick Nogan, K. Yaindl, the New Jersey Department of Corrections, the Northern State Prison Medical Department, and University Correction Health Care (together, "Defendants") violated Plaintiff's civil rights while he was incarcerated in two New Jersey State Prisons: East Jersey State Prison and Northern State Prison. *Id.* ¶¶ 9-10. More specifically, Plaintiff alleges that Defendant SCO Chaves and "several other" officers assaulted him while he was incarcerated in East Jersey State Prison. *Id.* ¶ 9. Plaintiff further alleges that when he was transferred to, and incarcerated at, Northern State Prison, he experienced unconstitutional conditions of confinement, including the withholding of his mail and the denial of prompt medical attention. *Id.* ¶ 10.

In conjunction with filing his initial complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP application") on December 14, 2018. Appl. to Proceed In Forma Pauperis, D.E. 1. The Honorable Esther Salas, United States District Judge, denied that application on January 14, 2019 because Plaintiff failed to provide a full affidavit of poverty. Mem. & Order, D.E. 2. Plaintiff thereafter completed a second IFP application on February 1, 2019. Renewed

---

[3] Plaintiff filed a Third Amended Complaint on April 10, 2023. However, that complaint is not properly before the Court for two reasons. First, it does not appear that Plaintiff obtained Defense counsel's consent to file an amended complaint. Fed. R. Civ. P. 15(a)(2). Second, Plaintiff did not file a motion for leave to amend the complaint. *Id.* Thus, the Court shall treat the Second Amended Complaint as the operative pleading and recount Plaintiff's allegations using the same.

2

IFP Application, D.E. 3. It does not appear that the Court took any action on his renewed application.[4] Nevertheless, the Court considers the merits of Plaintiff's instant motions.

Plaintiff has previously filed six motions for the appointment of pro bono counsel. Mot. to Appoint Counsel, Mar. 25, 2019, D.E. 6; May 13, 2021, D.E. 26; Mar. 21, 2022, D.E. 38; Apr. 5, 2022, D.E. 41; May 9, 2022, D.E. 47; May 10, 2022, D.E. 50. The Court denied the first four motions because Plaintiff failed to address whether appointment of pro bono counsel was warranted according to the framework established in *Tabron v. Grace*, 6 F.3d 147, 153-57 (3d Cir. 1993). Order, July 2, 2019, D.E. 11; Order, Oct. 4, 2021, D.E. 29; Order, Mar. 28, 2022, D.E. 39; Order, Apr. 19, 2022, D.E. 44. Plaintiff's next two motions, filed on May 9, 2022, and May 10, 2022, respectively, addressed the *Tabron* factors. Nevertheless, this Court denied Plaintiff's motions because it found that on balance, Plaintiff failed to show why the appointment of pro bono counsel was warranted. Opinion & Order, June 13, 2022, D.E.s 53 & 54. Plaintiff filed the two instant applications on April 10, 2023 and June 9, 2023, respectively. Mots. to Appoint Pro Bono Counsel, D.E. 99, D.E. 116.

### III. DISCUSSION

In civil actions, court appointment of pro bono counsel is neither a constitutional nor statutory right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Instead, district courts have broad discretion to appoint counsel for those unable to afford it pursuant to 28 U.S.C. § 1915(e). *Montgomery v. Pinchack*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron*, 6 F.3d at 153); *Washington v. Ellis*, Civ. No.

---

[4] The record reflects that this action was consolidated with another matter and removed to federal court. Notice of Removal, Dec. 14, 2018, D.E. 1-4. Mem. & Order, June 18, 2019, D.E. 8, ¶ 9. Consequently, Plaintiff did not pay the filing fee, and the Court took no further action on his second IFP application.

17-7243, 2020 WL 6423595, at *2 (D.N.J. Nov. 2, 2020).  This decision is to be made on a case-by-case basis.  *Abuiz v. Brennan*, 443 F. App'x 703, 707 (3d Cir. 2011) (quoting *Tabron*, 6 F.3d at 157-58).  Moreover, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  *Houser v. Folino*, 927 F.3d 693, 700 (3d Cir. 2019) (quoting *Montgomery*, 294 F.3d at 499).

As a threshold issue, courts must determine whether a plaintiff's case has "some merit in fact or law."  *Montgomery*, 294 F.3d at 499.  If it does, the court then must weigh the following six factors, as enumerated in *Tabron*, to determine whether a pro se plaintiff is eligible to receive pro bono counsel:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> (4) the plaintiff's capacity to retain counsel on his or her own behalf;
> (5) the extent to which a case is likely to turn on credibility determinations, and;
> (6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57).

For purposes of Plaintiff's motions, the Court will once again assume, as it did in its June 13, 2022 Opinion, that Plaintiff's claims have some merit in fact and law.  Opinion, D.E. 53, at 3.  However, after considering the remaining six *Tabron* factors and Plaintiff's motions, the Court concludes that the appointment of pro bono counsel is not appropriate at this time.

The Court begins by considering the first *Tabron* factor: the ability of a plaintiff to present his or her own case.  *Montgomery*, 294 F.3d at 499.  On this factor, courts generally consider the movant's "education, literacy, prior work experience, prior litigation experience, . . . ability to understand English, and the [] restraints due to confinement."  *Woodham v. Sayre*

4

*Borough Police Dept.*, 191 F. App'x 111, 114 (3d Cir. 2006) (citing *Montgomery*, 294 F.3d at 501). Courts also consider the extent of a plaintiff's "access to necessary resources like a typewriter, photocopier, telephone, and computer." *Parham*, 126 F.3d at 459; *see also Rayes v. Johnson*, 969 F.2d 700, 703 (finding the extent of a prisoner's access to a law library and other legal materials relevant to plaintiff's ability to present his own case). Plaintiff avers that he is unable to effectively present his case for two principal reasons. First, Plaintiff contends that he lacks the formal legal education and training to present his case. Mot. to Appoint Pro Bono Counsel, D.E. 116, at 6. He argues that his G.E.D.-level of education leaves him without the skills necessary to prepare and file motions and briefs, conduct oral argument, cross-examine witnesses, or familiarize himself with court procedure. *Id.* Second, Plaintiff argues that he is restricted in how often he can access the prison's law library to research, write, and file materials with the Court. *Id.* at 6-7. On this point, Plaintiff avers that he will "not be able to view video footage thoroughly" and "cannot research case law or access legal books, digest, supplemental, etc. So he cannot respond to his adversary unless he sits for hours and write everything out, mail it home so my family can make copies and mail to the courts." Mot. to Appoint Pro Bono Counsel, D.E. 99-1, at 2-3.

      The Court finds that Plaintiff is capable of effectively litigating this matter. Plaintiff himself concedes, "The plaintiff is not illiterate and is reasonably capable of presenting some claims[.]" Mot. to Appoint Pro Bono Counsel, D.E. 116, at 6. Further to the point, Plaintiff has litigated this matter for approximately five years. Throughout this time, Plaintiff has "cogently explain[ed] the facts underlying [his] claims, as well as the basis for his requested relief." Opinion, June 13, 2022, D.E. 53, at 4. He has consistently demonstrated the ability to pursue his case by filing amended pleadings, appearing for scheduled telephone status conferences,

submitting letters to the Court regarding discovery disputes, among other filings. *See, e.g.*, Second Am. Compl., D.E. 49; Mot. to Compel, May 20, 2022, D.E. 51. Despite his lack of formal legal education, it appears that Plaintiff has familiarity with, and understanding of, the litigation tools available to him. *Montgomery*, 294 F.3d at 501 (finding that a plaintiff's ability to file and respond to motions indicates that the plaintiff "has some legal knowledge and is literate") (citing *Parham*, 126 F.3d at 459). Finally, while Plaintiff's limited access to the law library makes legal research and writing more tedious, Plaintiff has previously acknowledged that he is still capable of researching cases, taking notes, and writing motions, even if by hand. *See, e.g.*, D.E. 116; D.E. 99-1. In sum, while Plaintiff's arguments demonstrate that presenting his legal case may be laborious, they do not demonstrate that he is incapable of advancing them. Thus, this factor weighs against the appointment of pro bono counsel.

   The Court next weighs the second *Tabron* factor, the complexity of Plaintiff's case. *Montgomery*, 294 F.3d at 499. This factor weighs in favor of the appointment of counsel where the law governing a case is unclear. *Tabron*, 6 F.3d at 156 (quoting *Maclin v. Freake*, 650 F.2d at 889). In assessing this factor, courts consider the complexity not only of the ultimate issue of the case but of the proof and discovery that issue entails. *Parham*, 126 F.3d at 459. The Third Circuit has held that § 1983 conditions-of-confinement claims are not inherently complex, while § 1983 deliberate indifference medical-needs claims may be in certain circumstances. *Montgomery*, 294 F.3d at 502. Plaintiff fails to specify which of his claims, if any, present a question of unsettled law. Additionally, Plaintiff does not provide any support for his contention that his claims "will present complex issues," besides reiterating that he is an incarcerated pro se litigant who lacks formal legal schooling and training. *See* D.E. 116, at 3. Plaintiff further fails

to specify which issues render his case overly difficult to present without the assistance of counsel. Accordingly, this factor also weighs against granting Plaintiff's motions.

The Court next considers the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue that investigation. *Montgomery*, 294 F.3d at 499. "[I]n weighing a request from an indigent civil litigant for appointment of counsel, courts should consider a prisoner's ability to gather facts relevant to the proof of his claim." *Id.* at 503. Moreover, "[c]ourts should further consider that 'it may be difficult for indigent plaintiffs to understand the complex discovery rules' in investigating their claims." *Id.* Here, the Court finds, as it has previously, that some factual investigation will be necessary as to Plaintiff's § 1983 excessive force and conditions-of-confinement claims. Opinion, June 13, 2022, D.E. 53, at 5. But Plaintiff has demonstrated that he is able to pursue this factual investigation. For example, Plaintiff has filed discovery requests and motions to compel for discovery he still seeks. *See, e.g.,* Mot. to Compel Defendants to Answer Interrogatories, D.E. 40; Mot. to Compel, D.E. 51 (requesting that Defendants produce various items pursuant to Fed. R. Civ. P. 34); Letter, D.E. 81 (requesting that Defense counsel serve various discovery Plaintiff had not yet received). He has also articulated the same on telephone status conferences with the Undersigned. *See* Order, D.E. 93 (ordering Defense counsel to produce discovery sought by the Plaintiff, including a Special Investigations Division report, medical records, among other things). Therefore, Plaintiff is capable of utilizing the discovery tools available to him through the Federal Rules of Civil Procedure to build and present his case. Accordingly, this factor likewise weighs against appointment of counsel.

The Court now looks to the fourth *Tabron* factor, which concerns a plaintiff's capacity to retain counsel on his or her own behalf. *Montgomery*, 294 F.3d at 499. Plaintiff last filed an IFP

application on February 2, 2019.  Appl. to Proceed in Forma Pauperis, D.E. 3.  As explained above, that application was neither granted nor denied.  However, this Court previously found that Plaintiff is unable to afford counsel.  Opinion, D.E. 53, at 7.  Plaintiff's indigent status has not materially changed since then.  D.E. 99-1, at 1-2.  Thus, the Court finds that this factor weighs in favor of appointing counsel.  This factor alone, however, does not justify the appointment of counsel.  *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002).

In assessing the fifth *Tabron* factor, the Court considers the extent to which Plaintiff's case is likely to depend on credibility determinations.  *Montgomery*, 294 F.3d at 499.  "[P]ro bono counsel may be warranted when witness credibility is a key issue and when the factfinder must decide between conflicting testimony."  *Davis v. Burke*, Civ. No. 19-10620, 2022 WL 970220, at *3 (D.N.J. Mar. 30, 2022) (citing *Tabron*, 6 F.3d at 156).  Of course, most cases involve credibility determinations.  *Parham*, 126 F.3d at 460 (3d Cir. 1997).  However, such determinations only weigh in favor of appointing counsel if the case would ultimately involve "solely a swearing contest" between witnesses.  *Id.*  Plaintiff argues that this case will raise issues of credibility because it will include "conflicting testimony."  D.E. 116, at 4.  Plaintiff argues that because many of the witnesses he intends to call are current and former prisoners, finders of fact are less likely to trust them.  *Id.*  He also avers that he "has not been in contact with potential witnesses and has no knowledge of their whereabouts."  *Id.*  Thus, an attorney would be helpful in locating and interviewing each witness to secure testimony to prove his claim.  *Id.*  These arguments support Plaintiff's assertion that this case will involve some credibility determinations.  However, the Court cannot conclude that the outcome of this case will depend solely on a swearing contest among witnesses.  Indeed, it appears that Plaintiff

intends to introduce video footage and other documentary evidence to prove his claims. D.E. 99-1, at 3-4. Thus, this factor is neutral.

In assessing the sixth and final *Tabron* factor, the Court considers whether Plaintiff's case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499. To prevail on § 1983 medical-needs claims, convicted prisoners may require the testimony of a medical expert. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 536 (3d Cir. 2017) ("[M]edical expert testimony may be necessary to establish deliberate indifference in an adequacy of care claim where, as laymen, the jury would not be in a position to determine that the particular treatment or diagnosis fell below a professional standard of care."). Plaintiff does not address whether expert testimony may be necessary for the claims set forth in the operative complaint.[5] Instead, Plaintiff argues that he requires expert testimony to prove a breach of contract claim and a claim of physical injury due to secondhand cigarette smoke. Mot., D.E. 116, at 3. But because neither of these claims are included in the operative complaint, they cannot support Plaintiff's instant applications. Accordingly, this factor weighs against the appointment of counsel.

The Court finds that on balance, the *Tabron* factors weigh against the appointment of pro bono counsel. If circumstances arise that resurrect the question of whether the appointment of pro bono counsel is warranted, Plaintiff may file a renewed motion that addresses the deficiencies outlined in this Court's Opinion.

---

[5] While Plaintiff's operative complaint includes claims concerning the lack of proper medical care, Second Am. Compl., D.E. 49, ¶ 10, Plaintiff fails to explain whether expert testimony would be necessary for these claims.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motions for the appointment of pro bono counsel are **denied** without prejudice. The Court shall issue an accompanying Order.

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer,**
**United States Magistrate Judge**

**Dated**: August 16, 2023